UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
RANDOLPH S. KOCH,                       )
                                                    )
        Plaintiff,                               )
                                                    )
        v.                                          )          Civil Action No. 08-1521 (PLF)
                                                    )          Civil Action No. 09-2111 (PLF)
MARY L. SCHAPIRO, Chairman,       )          Civil Action No. 10-0150 (PLF)
Securities and Exchange Commission,  )          Civil Action No. 11-1645 (PLF)
et al.,                                              )          Civil Action No. 12-0301 (PLF)
                                                    )
        Defendants.                           )
_____)


MEMORANDUM OPINION AND ORDER

        On April 25, 2012, the Court issued a Memorandum Opinion and Order in which

it granted the motion of defendant, Mary L. Schapiro, in Civil Action No. 08-1521 for a status

conference so that the parties and the Court could discuss how best to proceed in that case and

the other related cases brought by plaintiff, Randolph S. Koch, pending before this Court.  See

Koch v. Schapiro, Civil Action Nos. 08-1521, 09-2111, 10-0150, 11-1645 & 12-0301, 2012 WL

1432585, at *1 (D.D.C. Apr. 25, 2012).  In that Memorandum Opinion and Order, the Court

ordered that

        ■        The parties shall appear before the Court for a status
                 conference on May 4, 2012 at 9:30 a.m.

        ■        At that status conference, Mr. Koch shall show cause
                 why the Court's Stay Order of March 30, 2011 should not
                 be lifted and why Mr. Koch should not be required to file
                 responses to all pending dispositive motions promptly.

        ■        Mr. Koch would be permitted to appear by telephone for
                 the status conference, but must make the necessary
                 arrangements to do so beforehand with the Court's
                 courtroom deputy, Michelle Moon, at (202) 354-3155.

Id. at *2.

The Court held a status conference on May 4, 2012.  Counsel for the respective

defendants appeared as ordered.  Mr. Koch did not: he neither appeared in person nor contacted

the Court's courtroom deputy to appear by telephone.  The Court's courtroom deputy attempted

to reach Mr. Koch by telephone, but was directed to his voicemail.  Consequently, that same day,

the Court issued a Memorandum Opinion and Order in which the Court ordered

> that, by May 25, 2012, Mr. Koch shall show cause in writing why
> his five pending cases before this Court — Civil Action
> Nos. 08-1521, 09-2111, 10-0150, 11-1645, and 12-0301 —
> should not be dismissed for failure to respond as directed in the
> Court's April 25, 2012 Memorandum Opinion and Order.

Memorandum Op. & Order at 2, May 4, 2012 [Dkt. No. 52 in Civil Action No. 08-1521].

Mr. Koch filed his response to the Court's Show Cause Order one day late, on

May 26, 2012.  See Response at 1, May 26, 2012 [Dkt. No. 53 in Civil Action No. 08-1521].[1]  In

that response, Mr. Koch expresses his apology for not appearing at the status conference; he

explains that, due to illness and incapacity, he checked his mail only infrequently and did not

receive notice of the May 4, 2012 status conference until after it had occurred.  See id. at 1-2, 10.

---

[1]      On May 30, 2012, Mr. Koch filed a motion in which he requests that his response,
which he admits was untimely, be deemed filed *nunc pro tunc* on May 25, 2012.  See Mot. at 2,
May 30, 2012 [Dkt. No. 54 in Civil Action No. 08-1521].  That motion will be denied.  *Nunc pro
tunc* "is not a substitute for relation back.  It can't be used to revise history, but only to correct
inaccurate records."  Justice v. Town of Cicero, Ill., --- F.3d ----, 2012 WL 1994673, at *1 (7th
Cir. June 5, 2012) (quotations omitted).  The Court cannot change the record in this case to show
that Mr. Koch's untimely response was filed a day before its actual arrival.  Id. (stating that such
an action "is an improper use of the *nunc pro tunc* procedure").  Nevertheless, as discussed
below, the Court finds that Mr. Koch's response, even though untimely, does satisfactorily show
cause why his cases should not be dismissed.

Mr. Koch also emphasizes in his response that he "intends to prosecute his cases and has no intention of abandoning them." Response at 2. He requests that the Court not dismiss his pending cases and asks that, in setting a briefing schedule, the Court "only consider the type of scheduling that would minimize the risk for exacerbation of [his] medical condition by providing the kind of flexibility and leeway so that [he] can proceed without undue danger to his well-being." Id. at 11. Mr. Koch does not argue that the Court's Stay Order of March 30, 2011 should not be lifted.

Upon careful consideration of Mr. Koch's response, the Court finds that he satisfactorily has shown cause why his five pending cases should not be dismissed. Nevertheless, the time has come for Mr. Koch to pursue his cases and to respond to pending dispositive motions. See Koch v. Schapiro, 2012 WL 1432585, at *2. As the defendant persuasively has argued, the continued delay of Mr. Koch's cases is harmful to it — "time passes, memories fade, witnesses retire and move away, and witnesses may even die." Mot. for Setting of a Status Hearing at 1-2, Apr. 24, 2012 [Dkt. No. 49 in Civil Action No. 08-1521].

Consequently, the Court will vacate its Stay Order of March 30, 2011, thereby lifting the stay of Civil Action Nos. 08-1521, 09-2111, and 10-0150. Furthermore, the Court will set forth a briefing schedule on all of the pending dispositive motions in Mr. Koch's cases that are before this Court. Because the Court continues to be sympathetic to Mr. Koch's ongoing health problems, the Court will incorporate in that schedule some flexibility, as requested by Mr. Koch.

Accordingly, it is hereby

ORDERED that Mr. Koch's motion that his late filing in response to this Court's May 4, 2012 Show Cause Order be deemed filed *nunc pro tunc* on May 25, 2012 [Dkt. No. 54 in Civil Action No. 08-1521] is DENIED; it is

FURTHER ORDERED that the Court's March 30, 2011 Order staying Civil Action Nos. 08-1521, 09-2111, and 10-0150 is VACATED; it is

FURTHER ORDERED that the following briefing schedule shall apply to the pending dispositive motions:

1.      In Civil Action No. 09-2111, a motion to dismiss or, in the alternative, for summary judgment was filed on June 4, 2010 [Dkt. No. 8].  Mr. Koch shall respond to that motion by August 9, 2012.  Defendant's reply, if any, shall be filed by August 23, 2012.

2.      In Civil Action No. 08-1521, a motion for summary judgment was filed on August 26, 2010 [Dkt. No. 39].  Mr. Koch shall respond to that motion by September 10, 2012.  Defendant's reply, if any, shall be filed by September 24, 2012.

3.      In Civil Action No. 10-0150, a motion to dismiss or, in the alternative, for summary judgment was filed on September 27, 2010 [Dkt. No. 9].  Mr. Koch shall respond to that motion by October 10, 2012.  Defendant's reply, if any, shall be filed by October 24, 2012.

4.      In Civil Action No. 11-1645, a motion to dismiss was filed on March 14, 2012 [Dkt. No. 6].  Mr. Koch shall respond to that motion by November 9, 2012.  Defendant's reply, if any, shall be filed by November 30, 2012; and it is

FURTHER ORDERED that Mr. Koch's motion for extension of time *nunc pro tunc* to May 11, 2012 to file his opposition to defendant's dispositive motion [Dkt. No. 7 in Civil Action No. 11-1645] is DENIED as moot.

SO ORDERED.

_/s/_____

PAUL L. FRIEDMAN

DATE:   June 25, 2012          United States District Judge