UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
RANDOLPH S. KOCH,                   )
                                    )
    Plaintiff,                      )
                                    )
    v.                              )    Civil Action No. 10-0150 (PLF)
                                    )
ELISSE B. WALTER, Chairman,         )
  Securities and Exchange Commission, )
                                    )
    Defendant.                      )
                                    )
_____ )

OPINION

        This matter is before the Court on defendant's motion to dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, for summary judgment under Rule 56.  Plaintiff, Randolph S. Koch, has charged his employer, the Securities and Exchange Commission ("SEC"), with violating various employment discrimination statutes.  The defendant asserts that Mr. Koch's claims must be dismissed for failure to exhaust his administrative remedies.  After careful consideration of the parties' papers, the relevant legal authorities, and the entire record in this case, the Court will grant the motion in part and deny it in part.[1]

---

[1] The papers reviewed in connection with this motion include: plaintiff's complaint ("Compl.") [Dkt. No. 1]; defendant's memorandum in support of the motion to dismiss or, in the alternative, for summary judgment ("Def.'s Mot.") [Dkt. No. 9]; defendant's statement of material facts as to which there is no genuine issue ("Def.'s Stmt. Mat. Facts") [Dkt. No. 9]; declaration of Fran Paver ("Paver Decl.") [Dkt. No. 9-1]; plaintiff's administrative complaint 05-09-09 filed May 1, 2009 ("Admin. Compl."), Paver Decl. Ex. 1; Oct. 27, 2009 SEC Dismissal Letter, Paver Decl. Ex. 4; plaintiff's memorandum in support of Rule 56(d) motion for continuance to perform discovery ("Pl.'s Rule 56(d) Mot.") [Dkt. No. 26]; declaration of Randolph S. Koch in support of his Rule 56(d) motion ("Koch Decl.") [Dkt. No. 26-1]; August 24,

## I. BACKGROUND

Randolph Koch worked as a financial analyst at the SEC between December 1991 and October 2009.  Compl. ¶¶ 4, 8.  Mr. Koch is a white, Jewish male over the age of forty, and he asserts that he suffers from a variety of disabling medical conditions.  Id. ¶ 6.  Based on these protected statuses, Koch has initiated various administrative and civil proceedings against the SEC and other government agencies for alleged violations of the Rehabilitation Act, the Age Discrimination in Employment Act ("ADEA"), and Title VII of the Civil Rights Act of 1964.  Id. ¶ 7; see also Koch v. Holder, --- F. Supp. 2d ----, 2013 WL 953368 (D.D.C. Mar. 13, 2013); Koch v. Schapiro, 759 F. Supp. 2d 67 (D.D.C. 2011); Koch v. Schapiro, 699 F. Supp. 2d 3 (D.D.C. 2010); Koch v. Donaldson, 260 F. Supp. 2d 86 (D.D.C. 2003).  The present action arises from the SEC's alleged retaliation against Mr. Koch for his participation in these various proceedings, as well as the SEC's alleged violations of the Rehabilitation Act's confidentiality provisions.

In November 2008, Mr. Koch learned that the SEC's Office of the Inspector General ("OIG") had initiated an investigation into his time and attendance habits.  Compl. ¶ 28.  Convinced that this investigation was undertaken in violation of federal employment discrimination laws, Mr. Koch contacted an Equal Employment Opportunity ("EEO") counselor.  Counseling proved unfruitful, however, and on May 1, 2009, he filed a formal complaint with the SEC's EEO Office.  See Admin. Compl.; Def.'s Stmt. Mat. Facts ¶¶ 5, 12-14; Pl.'s Stmt.

---

2009 email from Mr. Koch to SEC EEO personnel ("Aug. 24, 2009 Email"), Koch Decl. Ex. 2; defendant's opposition to plaintiff's Rule 56(d) motion ("Def.'s Opp. to Rule 56(d) Mot.") [Dkt. No. 31]; May 28, 2009 SEC Partial Dismissal Letter, Def.'s Opp. to Rule 56(d) Mot. Ex. A [Dkt. 31-1]; Memorandum Opinion and Order denying plaintiff's Rule 56(d) motion ("Jan. 4, 2013 Mem. Op. and Order") [Dkt. 32]; plaintiff's opposition to defendant's dispositive motion (Pl.'s Opp.) [Dkt. No. 33]; plaintiff's statement of material facts in dispute ("Pl.'s Stmt. Mat. Facts") [Dkt. No. 33]; and defendant's reply in support of dispositive motion ("Def.'s Reply") [Dkt. No. 34].

Mat. Facts ¶ 5. On October 27, 2009, the SEC issued a final agency decision dismissing this complaint. Oct. 27, 2009 SEC Dismissal Letter; Def.'s Stmt. Mat. Facts ¶ 7.

On January 26, 2010, Mr. Koch filed this civil action, naming as the defendant the Chairman of the SEC in her official capacity. In this action, Mr. Koch asserts that the OIG investigation was carried out "in retaliation for past and then-protected activity, namely, Plaintiff's equal employment opportunity complaints and litigation." Compl. ¶ 40; see also id. ¶¶ 7, 28, 35, 41-42. Mr. Koch further alleges that the OIG improperly reviewed his medical records, in violation of the confidentiality provisions of the Rehabilitation Act. Id. ¶¶ 38, 44-46.

The SEC has moved to dismiss Mr. Koch's claims pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, for summary judgment under Rule 56. Def.'s Mot. at 1. The SEC contends that Mr. Koch's allegations of retaliation under the Rehabilitation Act, Title VII, and the ADEA should be dismissed for failure to exhaust his administrative remedies, as Mr. Koch did not present any allegations of retaliation in his administrative complaint. See Def.'s Mot. at 2. The SEC also asserts that Mr. Koch's Title VII and ADEA claims independently are barred on the basis of failure to exhaust because his administrative complaint does not mention Title VII, the ADEA, any adverse actions connected to his sex, race, or age, or any protected activities related to his sex, race, or age. Id. Therefore, according to the SEC, even if the Court finds that Mr. Koch raised the issue of retaliation at the administrative level, it must find that he did so only in the context of the Rehabilitation Act. Id.

The SEC argues that Mr. Koch's claim of violations of the Rehabilitation Act's confidentiality provisions also should be dismissed. First, it asserts that the specific claims made by Mr. Koch were never raised in his administrative complaint and therefore must be dismissed

for nonexhaustion. Def.'s Mot. at 3. According to the SEC, the claim accepted by the agency for investigation was whether the SEC violated the Rehabilitation Act when Mr. Koch's supervisor "improperly received and reviewed medical documentation submitted by Complainant in November 2008." See Def.'s Mot. at 2-3. That claim did not include the specific allegations presented here: that the OIG unlawfully obtained testimony relating to Mr. Koch's medical information from a disability coordinator supervisor, and that the OIG unlawfully reviewed emails containing Koch's medical information. See Def.'s Mot. at 2-3. Second, the SEC contends that because Mr. Koch alleges no injury-in-fact as a result of these alleged privacy violations, he has failed to state a claim under the Rehabilitation Act. Def.'s Mot. at 3.

While Mr. Koch is proceeding *pro se* in this case, the Court notes that he is a lawyer, see Pl.'s Opp. at 18, and is an active litigant who has considerable experience pursuing employment discrimination matters. Nevertheless, the Court reviews his filings under "less stringent standards than formal pleadings [or legal briefs] drafted by lawyers." Chandler v. W.E. Welch & Associates, Inc., 533 F. Supp. 2d 94, 102 (D.D.C. 2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Federal employees must exhaust their administrative remedies before filing suit under Title VII, the Rehabilitation Act, or the ADEA. See 42 U.S.C. § 2000e-16(c) (requiring exhaustion under Title VII procedures); 29 U.S.C. § 794a(a)(1) (applying the remedies, procedures, and rights associated with Title VII claims to Rehabilitation Act claims); 29 U.S.C § 633a(b)-(d) (providing exhaustion requirements under the ADEA); see also Payne v. Salazar, 619 F.3d 56, 58 (D.C. Cir. 2010). To begin that process, the employee generally must contact an

EEO counselor to complain about the alleged violation within 45 days of its occurrence. 29 C.F.R. § 1614.105; see also Woodruff v. Peters, 482 F.3d 521, 527 (D.C. Cir. 2007). If the matter is not resolved through counseling, the employee must timely file an administrative complaint with the agency's EEO office. See 29 C.F.R. § 1614.106(a)-(c). After the agency has the opportunity to investigate the matter, the complainant may demand an immediate final decision from the agency or a hearing before an EEOC administrative judge. See 29 C.F.R. § 1614.106(e)(2); 29 C.F.R. § 1614.108(f). A complainant may file a civil action within 90 days of receipt of the final decision from the agency or after a complaint has been pending for at least 180 days. See 29 C.F.R. § 1614.407.

A district court may review only claims that are "like or reasonably related to the allegations of the [administrative] charge and growing out of such allegations." Park v. Howard, 71 F. 3d 904, 907 (D.C. Cir. 1995) (quoting Cheek v. Western and Southern Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994)). In order for a claim to be considered "reasonably related" to a claim contained in the administrative complaint, it "must arise from the administrative investigation that can reasonably be expected to follow the charge of discrimination." Payne v. Salazar, 619 F.3d at 65 n.9 (quoting Park v. Howard, 71 F. 3d at 907). This requirement ensures that the agency is afforded "an opportunity to resolve [the] claim administratively before [the employee] file[s] her complaint in district court." Id. at 65 (alterations in original) (quoting Wiley v. Glassman, 511 F.3d 141, 160 (D.C. Cir. 2007)). "[T]he goals behind the requirement of prior resort to administrative relief would be frustrated if the filing of a general charge with the EEOC would open up the possibility of judicial challenges to any related conduct that took place in connection with the employment relationship." Park v. Howard, 71 F.3d at 908 (alteration in original) (quoting Rush v. McDonald's Corp., 966 F.2d 1104, 1110 (7th Cir. 1992)); see also

5

Marshall v. Fed. Express Corp., 130 F.3d 1095, 1098 (D.C. Cir. 1997) ("[A]llowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC Charge.").

Exhaustion of administrative remedies is a jurisdictional requirement for claims arising under the Rehabilitation Act. See Spinelli v. Goss, 446 F.3d 159, 162 (D.C. Cir. 2006); Moore v. Schafer, 573 F. Supp. 2d 216, 219 & n.4 (D.D.C. 2008). Therefore, under the Rehabilitation Act, it is Mr. Koch's burden to show that he has exhausted his claims administratively before filing suit. In contrast, failure to exhaust administrative remedies under the ADEA and Title VII is an affirmative defense, not a jurisdictional requirement. See Koch v. Schapiro, 699 F. Supp. 2d at 12; Pearsall v. Holder, 610 F. Supp. 2d 87, 95 (D.D.C. 2009). Accordingly, it is the SEC's burden to show that Mr. Koch did not exhaust his remedies for the claims brought under those statutes. See Porter v. Jackson, 668 F. Supp. 2d 222, 230 n.6 (D.D.C. 2009); Singleton v. Potter, 402 F. Supp. 2d 12, 33 (D.D.C. 2005).

It follows from this that jurisdictional exhaustion under the Rehabilitation Act is evaluated under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Prudential exhaustion under Title VII and the ADEA, by contrast, is evaluated either under Rule 12(b)(6) for failure to state a claim or, when a party asserts that there are genuine issues of material fact in dispute, and provides evidentiary materials in the record to support that assertion, under Rule 56.

On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of establishing that the Court has jurisdiction. See Sierra Club v. Jackson, 813 F. Supp. 2d 149, 154 (D.D.C. 2011) (citing Brady Campaign to Prevent Gun Violence v. Ashcroft, 339 F. Supp. 2d 68, 72 (D.D.C. 2004)). The Court must accept all well-

pled factual allegations in the complaint as true, but may consider materials outside the pleadings "as it deems appropriate to resolve the question whether it has jurisdiction to hear the case." Ascom Hasler Mailing Sys., Inc. v. United States Postal Serv., 815 F. Supp. 2d 148, 156 (D.D.C. 2011) (quoting Scolaro v. D.C. Board of Elections & Ethics, 104 F. Supp. 2d 18, 22 (D.D.C. 2000)); see also Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253-54 (D.C. Cir. 2005). The Court must construe the complaint liberally in the plaintiff's favor, but the Court need not accept factual inferences drawn by the plaintiff if those inferences are not supported by facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions. See Sierra Club v. Jackson, 813 F. Supp. 2d at 154 (citing Primex Recoveries, Inc. v. Lee, 260 F. Supp. 2d 43, 47 (D.D.C. 2003)).

As the Court relies only on the pleadings and Mr. Koch's administrative complaint to resolve issues relating to non-jurisdictional exhaustion under Title VII and the ADEA, it analyzes that issue under Rule 12(b)(6), not as a motion for summary judgment under Rule 56. See FED. R. CIV. P. 12(d); Laughlin v. Holder, --- F. Supp. 2d ----, 2013 WL 541254, at *4 (D.D.C. 2013) (noting that a plaintiff's formal administrative complaint is a public record subject to judicial notice). Rule 12(b)(6) allows dismissal of a complaint if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Papasan v. Allain, 478 U.S. 265, 286 (1986). On such a motion, the Court "must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Bell Atlantic Corp. v.

Twombly, 550 U.S. at 555.  The complaint "is construed liberally in the [plaintiff's] favor, and [the Court should] grant [the plaintiff] the benefit of all inferences that can be derived from the facts alleged."  Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nevertheless, the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions.  See id.; Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. at 678).

III. MR. KOCH'S RETALIATION CLAIMS UNDER TITLE VII AND THE ADEA

The SEC asserts that Mr. Koch failed to raise *any* claims under Title VII or the ADEA in his administrative complaint, either claims of discrimination or claims of retaliation; thus, his claims under these statutes must be dismissed for failure to exhaust.  Mr. Koch counters that "[t]he [administrative] complaint as drafted was replete with substantial detail about the individuals responsible for the retaliation and discrimination, their retaliatory and discriminatory activity, and the connection to Mr. Koch's protected status and activities."  Pl.'s Opp. at 9-10. Despite this assertion, however, a review of the complaint that Mr. Koch filed with the SEC's EEO Office reveals a complete failure to mention his age, race, or sex.  Nor does it allege, directly or indirectly, discrimination or retaliation relating to these protected statuses.  The administrative complaint instead focuses squarely on Koch's protected status as a disabled person.

Moreover, Mr. Koch does not suggest that he made any attempt to amend his administrative complaint to include claims of retaliation under Title VII or the ADEA.  His

opposition brief mentions sex, race, and/or age only twice, and in neither instance does he discuss retaliation for activities protected under Title VII or the ADEA. See Pl.'s Opp. at 5; id. at 6 ("The SEC always had sufficient information to do its job of investigation and attempting to resolve Koch's claims despite the omission of a few words, such as 'discrimination,' 'retaliation', 'Jewish', and 'age.'"). He neglects to mention these statuses or statutes in his Statement of Material Facts.

As Mr. Koch notes, the basic demand of the administrative exhaustion requirement "is that the agency be given sufficient, even if technically flawed, notice of the grievance." Pl.'s Opp. at 13 (citing Bethel v. Jefferson, 589 F.2d 631, 644 (D.C. Cir. 1978)). Koch has failed to meet that demand with regard to his claim that he was subject to retaliation prohibited by Title VII and/or the ADEA. A court does not treat ideologically distinct categories of discrimination and retaliation as related "simply because they arise out of the same incident." Bell v. Donley, 724 F. Supp. 2d 1, 9 (D.D.C. 2010); see also Brown v. District of Columbia, 251 F. Supp. 2d 152, 161-62 (D.D.C. 2003) (dismissing plaintiff's gender discrimination and retaliation claims, where administrative complaint alleged only race and disability discrimination). Because Mr. Koch's administrative complaint completely fails to mention protected activities under Title VII or the ADEA, and because Mr. Koch provides no plausible argument or evidence that the SEC should have considered the issue, the Court agrees that Mr. Koch has failed to exhaust his administrative remedies with respect to his Title VII and ADEA claims. Accordingly, it will grant the SEC's motion to dismiss as to those claims.

IV. MR. KOCH'S RETALIATION CLAIM UNDER THE REHABILITATION ACT

The SEC maintains that allegations of retaliation appear nowhere on the face of Mr. Koch's administrative complaint, and that they are not "like or reasonably related" to the

claims accepted by the agency for investigation under the Rehabilitation Act, and that Mr. Koch therefore is barred from presenting that claim here. See Def.'s Mot. at 3-5; Def.'s Stmt. Mat. Facts ¶ 5. The SEC asserts that Mr. Koch's claim relating to the OIG investigation was "whether the OIG's investigation into his time and attendance violated the Rehabilitation Act because his time and attendance problems were the result of his disabling medical conditions as to which the SEC failed to provide reasonable accommodations." Def.'s Reply at 3-4. According to the SEC, "[t]o allow plaintiff to proceed with a retaliation charge in this case where he never filed an administration (sic) charge of retaliation would violate the principles articulated in Park v. Howard." Def.'s Mot. at 4-5.

        Mr. Koch concedes that he did not use the word retaliation in his administrative complaint. He asserts, however, that he presented sufficient facts to establish that his administrative complaint "was substantially one for retaliation," such that the SEC's EEO Office was put on notice of his retaliation claim, Pl.'s Stmt. Mat. Facts ¶ 5, and that the retaliation claim "is reasonably related to" the claims in the administrative complaint. Id. ¶ 6; Pl.'s Opp. at 8. Mr. Koch also argues that the SEC received adequate notice of this claim because he raised the issue of retaliation to an EEO counselor during the administrative process. Pl.'s Opp. at 4-5; Pl.'s Stmt. Mat. Facts ¶¶ 1-2; 7-9. The Court disagrees.

        Mr. Koch's administrative complaint focused primarily on issues relating to the use of his medical records. He devoted, however, three paragraphs to the OIG's decision to initiate an investigation into his time and attendance habits, which he referred to as "discriminatory and illegal." See Admin. Compl. at 2-3. In Mr. Koch's view, the investigation was launched against him because he was disabled. As Koch asserted in his administrative complaint:

> While the Inspector General might argue that his office legitimately investigated what it believed to be time and attendance violations, it probably sought to justify the imposition of discipline, including possible criminal sanctions, on conduct which was caused by a disability. Because the SEC has repeatedly refused my many reasonable accommodation requests relating to time and attendance, and because any purported time and attendance violations are the result of disabilities, the actions by the Inspector General violate the Rehabilitation Act.

Admin. Comp. at 2-3.

Only once did Mr. Koch mention filing administrative and civil cases, the protected activity at issue in this civil action. In a footnote at the end of his administrative complaint, Mr. Koch accused the OIG of building its investigation on testimony of individuals who, according to Koch, committed perjury in related litigation. He concluded that footnote by asserting that the Inspector General "apparently embarked on this investigation to further the General Counsel's goals" in those related proceedings. Admin. Compl. at 3, n. 2.

This footnote is insufficient to put the SEC on notice that Koch was claiming retaliation. Certainly, "the law does not hold an employee to the use of magic words to make out a proper . . . charge." Johnson-Parks v. D.C. Chartered Health Plan, 806 F. Supp. 2d 267, 270 (D.D.C. 2011) (quoting Maryland v. Sodexho, Inc., 474 F. Supp. 2d 160, 162 (D.D.C. 2007)); see also Ellis v. Georgetown Univ. Hosp., 631 F. Supp. 2d 71, 76 (D.D.C. 2009) (finding employee who did not specifically mention "retaliation" in charge nevertheless exhausted her retaliation claim by alleging in charge that she was terminated two days after engaging in protected activity). But the employee must "alert the EEOC and the charged employer with the nature of the alleged wrongdoing." Maryland v. Sodexho, Inc., 474 F. Supp. 2d at 162. In the context of Mr. Koch's complaint, which focuses exclusively on the discriminatory nature of the

OIG investigation, the single offhand reference to his litigation activities is insufficient to provide notice that Mr. Koch was claiming retaliation.

Moreover, Mr. Koch's argument that his retaliation claim is "reasonably related" to his discrimination claim is without support. Although his discrimination and retaliation claims both arise out of the OIG investigation, that is not enough. See Bell v. Donley, 724 F. Supp. 2d at 9. The "theories of discrimination in [a] plaintiff's lawsuit are limited to the theories contained in the [administrative EEO complaint] he filed." Ponce v. Billington, 652 F. Supp. 2d 71, 74 (D.D.C. 2009) (alterations in original) (quoting Marcelus v. Corrections Corp. of America, 540 F. Supp. 2d 231, 236 (D.D.C. 2008)). Thus, a discrimination claim is not "reasonably related" to a claim of retaliation for purposes of administrative exhaustion. Bell v. Donley, 724 F. Supp. 2d at 9 ("[A] long line of cases prohibits plaintiffs from 'conflating ideologically distinct categories of discrimination for purposes of meeting their exhaustion requirements.'") (collecting cases); Ndondji v. Interpark Inc., 768 F. Supp. 2d 263, 279 (D.D.C. 2001) ("[R]aising discrimination claims before the EEOC is not sufficient to warrant adding retaliation claims later in a Title VII suit."). Based on the administrative complaint filed by Mr. Koch, and its focus on the allegedly *discriminatory* nature of the OIG investigation, it does not seem reasonable to expect that the EEO Office would have examined how the OIG's activities might have constituted retaliation.

Mr. Koch asserts, however, that he raised the issue of retaliation in conversations and email correspondence with SEC EEO staff during the administrative process. Pl.'s Opp. at 4-5; Pl.'s Stmt. Mat. Facts ¶¶ 1-2; 7-9. His only support for this assertion is a single email, dated August 24, 2009, submitted in connection with his motion for discovery under Rule 56(d). See Aug. 24, 2009 Email. The email was sent almost three months after his challenge to the OIG

investigation was dismissed by the SEC for failure to state a claim, see May 28, 2009 SEC Partial Dismissal Letter at 2, and five days before Mr. Koch filed a new administrative complaint – not part of this lawsuit – in which he alleged reprisal relating to the OIG investigation.  See Paver Decl. Ex. 2 at 3-4.  As the SEC points out, it therefore appears likely that the email related to another administrative proceeding, not the one at issue here. Def.'s Reply at 4.  The cryptic nature of the email, and Mr. Koch's bringing it to the Court's attention, out of context, at this late date underscores the difficulty of sorting out the many administrative complaints he filed with the SEC.  Standing alone, it hardly can be viewed as having put the SEC on notice of a retaliation claim in addition to the substantive discrimination claim made by Mr. Koch in his administrative complaint.

    Under the D.C. Circuit's approach in Park and its progeny, a complainant must be specific enough in what claims he is making and the scope of those claims to put the agency on notice of what it must address in resolving the matter.  See Park v. Howard University, 71 F.3d at 907 ("the requirement of some specificity in a charge is not a 'mere technicality.'"); Payne v. Salazar, 619 F.3d at 65 (agency must be given "an opportunity to resolve [the] claim administratively before [the employee] file[s] her complaint in district court.").  In the absence of such specificity, there can be no exhaustion of administrative remedies.  See Marshall v. Fed. Express Corp., 130 F.3d at 1098 ("A vague or circumscribed EEOC charge will not satisfy the exhaustion requirement for claims it does not fairly embrace.").  The Court will grant the SEC's motion with respect to Mr. Koch's retaliation claim under the Rehabilitation Act.

## V. THE REHABILITATION ACT'S CONFIDENTIALITY PROVISIONS

### A. *Exhaustion of Claim Under Rehabilitation Act's Confidentiality Provisions*

In addition to prohibiting discrimination and retaliation in connection with an employee's disabilities, the Rehabilitation Act provides protections against the unauthorized disclosure of an employee's medical information. Among these protections, the Act prohibits employers from inquiring into employees' medical conditions, although an exception is made for "inquiries into the ability of an employee to perform job-related functions." 42 U.S.C. § 12112(d)(4)(B); see Doe v. Postal Serv., 317 F.3d 339, 341 (D.C. Cir. 2003). Medical records obtained as a result of such an inquiry must be kept confidential. Id. § 12212(d)(4)(C). The Act's confidentiality requirement is intended to ensure "that the information disclosed pursuant to an employer's medical inquiry spreads no farther than necessary to satisfy the legitimate needs of both employer and employee." Doe v. Postal Serv., 317 F.3d at 344.

In his administrative complaint, Mr. Koch devoted several paragraphs to a claim that his supervisor violated the Rehabilitation Act's confidentiality provisions by demanding medical documentation to support Koch's request for reasonable accommodations. Admin. Compl. at 1-2. Mr. Koch does not raise this claim in the present action. Mr. Koch also presented a second claim: that the OIG "was probably reviewing medical information related to an accommodation I had received from the agency." Id. at 2. Koch asserted that "if the OIG reviewed any records relating to my accommodation, it likely violated the below-described provision of the ADA, applicable to the agency under the Rehabilitation Act." Id.

On May 28, 2009, the agency dismissed this second claim pursuant to 29 C.F.R. § 1614.107(a)(1) for failure to state a claim, on the bases that (a) it was a collateral attack on the OIG's investigation process, and (b) that it was too "speculative and fails to show you have been

aggrieved." May 28, 2009 SEC Partial Dismissal Letter at 2. The EEO office accepted for investigation the following related claim: whether the agency "discriminated against you on the basis of your disability (physical) when your supervisor, in November 2008, requested you provide an emergency room bill, in violation of the Rehabilitation Act, 29 U.S.C. § 791, et seq." Id. at 1.

In his civil complaint filed in this Court, Mr. Koch abandons his claim regarding an improper inquiry by his supervisor, but he renews his claim that the OIG unlawfully reviewed his medical records. In contrast to his administrative complaint, he supports this claim against the OIG with references to two particular instances. First, he claims that the OIG unlawfully took testimony about his medical condition from SEC personnel; second, he asserts that the OIG improperly reviewed emails that contained his medical information. See Compl. ¶¶ 38, 44-45.

The SEC suggests that Mr. Koch should be bound by the charge accepted for investigation, which was developed by the agency after consulting with Koch. See Def.'s Mot. at 5. When determining whether a federal employee has exhausted his remedies, however, a court does not confine its review to the claims accepted for processing by the agency, but instead should look also to the plaintiff's original administrative complaint – unless, of course, the plaintiff affirmatively abandons or withdraws a claim. See Wiley v. Glassman, 511 F.3d at 160. Here, Koch's administrative complaint clearly alleges, albeit with less specificity, that the OIG improperly reviewed his medical information. The agency considered and dismissed this allegation. The Court therefore finds that Mr. Koch exhausted his administrative remedies as to his confidentiality claim.

B. *Failure to State a Claim Under the Rehabilitation Act's Confidentiality Provisions*

The SEC asserts that Mr. Koch's claim of confidentiality violations under the Rehabilitation Act should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Koch failed to allege any injury-in-fact and therefore has failed to state a claim.

The SEC correctly notes that, in order to state a claim under the Rehabilitation Act's confidentiality provisions, 42 U.S.C. § 12112(a), (d), a plaintiff must show that an unauthorized disclosure of medical information resulted in a "tangible injury." See, e.g., Cossette v. Minnesota Power & Light, 188 F.3d 964, 970 (8th Cir. 1999). As the Third Circuit has observed:

> Other courts of appeals have addressed the question whether a plaintiff has a cause of action for a violation of § 12112(d) without demonstrating the existence of an injury-in-fact, either through actual damage (emotional, pecuniary, or otherwise), or through the presence of a continuing illegal practice to which plaintiff is likely to be subject absent court intervention. All have concluded that a violation of § 12112(d), without such a showing, presents no "injury" capable of remedy, and thus affords no basis for suit.

Tice v. Centre Area Transp. Auth., 247 F.3d 506, 519-20 (3d Cir. 2001) (collecting cases); see also McPherson v. O'Reilly Auto., Inc., 491 F.3d 726, 732 (8th Cir. 2007) (plaintiff "must show . . . that the disclosed information was confidential and that he suffered some kind of tangible injury as a result of the disclosure"); Giaccio v. City of New York, 502 F. Supp. 2d 380, 386-87 (S.D.N.Y. 2007) ("A technical violation of section 12112(d) will not in and of itself give rise to damages liability."); cf. E.E.O.C. v. Ford Motor Credit Co., 531 F. Supp. 2d 930, 941 (M.D. Tenn. 2008) (holding that "shame, embarrassment and depression" suffered by employee as a

result of unauthorized medical disclosure satisfied the "tangible injury" requirement under the ADA's confidentiality provisions).[2]

Mr. Koch's civil complaint lacks any such allegation of a cognizable injury. Mr. Koch does not assert that he suffered any harm – emotional, financial, or otherwise – as a result of the alleged disclosure of his medical information to the OIG. Without such an allegation, it is impossible to determine what type of relief, if any, would be appropriate. Accordingly, the Court will dismiss plaintiff's second claim for violations of the Rehabilitation Act's confidentiality provisions.

## VI.  CONCLUSION

For the reasons set forth above, the Court will grant in part and deny in part the SEC's motion. The Court will grant the SEC's motion to dismiss Mr. Koch's Title VII and ADEA claims of retaliation pursuant to Rule 12(b)(6); it also will grant the SEC's Rule 12(b)(1) motion as to Mr. Koch's Rehabilitation Act retaliation claim. The Court will deny the SEC's Rule 12(b)(1) motion with respect to Mr. Koch's Rehabilitation Act confidentiality claim, but will grant its motion to dismiss plaintiff's confidentiality claim under Rule 12(b)(6).

An Order consistent with this Opinion will issue this same day.

/s/_____
PAUL L. FRIEDMAN
DATE:  March 30, 2013                     United States District Judge

---

[2] The SEC asserts that Mr. Koch has not only failed to allege any injury, but that any review by the OIG of Koch's medical information would have been conducted pursuant to exceptions in the Rehabilitation Act's confidentiality provisions. See Def.'s Mot. at 5-6. It has not moved for judgment on this issue, however, and the Court will refrain from considering this argument at this stage.