UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

———————————————————
                                      )
RANDOLPH S. KOCH,                     )
                                      )
            Plaintiff,                )
                                      )
      v.                              )   Civil Action No. 10-0150 (PLF)
                                      )
MARY JO WHITE,                        )
Chair, Securities and Exchange        )
Commission,                           )
                                      )
            Defendant.[1]             )
———————————————————   )

MEMORANDUM OPINION

        This employment discrimination matter is before the Court on defendant's renewed motion for summary judgment. Defendant Securities and Exchange Commission filed this motion on August 1, 2013. On October 9, 2013, the Court issued an Order pursuant to Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988), and Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), directing plaintiff Randolph Koch to respond to defendant's motion by November 6, 2013, and informing him of the risks of failing to respond. See Fox/Neal Order. Mr. Koch has not responded or filed a motion seeking an extension of time.

        In these circumstances, the Court may treat the defendant's motion as conceded. D.D.C. LOC. CIV. R. 7(b); see also Fox v. American Airlines, Inc., 389 F.3d 1291, 1294-95 (D.C. Cir. 2004). The Court also has considered the substance of the motion for summary judgment,

---

[1] The Court has substituted Chair Mary Jo White in place of former Chair Mary L. Schapiro pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

and after careful consideration of the motion and the relevant case law and statutes, concludes that the motion should be granted.[2]

## I. BACKGROUND

Randolph S. Koch is a former employee of the SEC. Compl. ¶ 4. In his amended complaint, Koch alleges that an employee of the SEC, a disability coordinator supervisor named Carol Hallowell, disclosed to the Office of the Inspector General ("OIG") Koch's confidential medical information. Am. Compl. ¶ 44. Koch further alleges that OIG investigators viewed work emails containing his confidential medical information. Id. ¶ 45. Koch asserts that these alleged intra-agency actions violate the confidentiality provisions of the Rehabilitation Act. Id. ¶ 44(b).[3] He further alleges that this unlawful disclosure of confidential medical information caused him embarrassment and distress. Id. ¶¶ 47-48. The defendant has moved for summary judgment on the grounds that there was no unauthorized disclosure, and that, even if there were, such disclosure did not result in any cognizable injury. Def.'s Mot. 2-4.

---

[2] The papers reviewed in connection with this motion include: plaintiff's first complaint ("Compl.") [Dkt. No. 1]; Opinion and Order of March 30, 2013 ("Dismissal Op. & Order") [Dkt. No. 35, 36]; plaintiff's amended complaint ("Am. Compl.") [Dkt. No. 39]; defendant's renewed motion for summary judgment ("Def.'s Mot.") [Dkt. No. 45]; defendant's statement of undisputed material facts ("Def.'s SMF") [Dkt. No. 45]; and the Court's Order of October 9, 2013 ("Fox/Neal Order") [Dkt. No. 46].

[3] Koch's first complaint contained allegations for violations of the Rehabilitation Act, Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967. This Court dismissed Koch's first complaint in a Memorandum Opinion and Order dated March 30, 2013. Dismissal Op. & Order. The dismissal was without prejudice with respect to Koch's claim relating to violations of the Rehabilitation Act's confidentiality requirements. Koch was granted leave to file an amended complaint as to the sole remaining claim in order to show any injury in fact, and he subsequently filed a new complaint on June 11, 2013. See generally Am. Compl. Although Koch's complaint alleges two causes of action, including a renewed retaliation claim, the Court considers only his confidentiality claim, as Koch's retaliation claim previously was dismissed with prejudice. See Dismissal Order 1-2. Insofar as Koch asserts that the alleged disclosure led to unlawful discrimination, the Court considers this allegation as falling within the scope of Koch's previously dismissed claims.

## II. LEGAL STANDARD

Summary judgment may be granted under Rule 56 if the moving party demonstrates that there is no genuine dispute as to any material fact, and that they are entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "A fact is 'material' if a dispute over it might affect the outcome of a suit under the governing law; factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination." Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). Issues are considered "genuine" if, given the evidence, "a reasonable jury could return a verdict for the nonmoving party." Koch v. Schapiro, 697 F. Supp. 2d 65, 68-69 (D.D.C. 2010). In considering a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. at 255.

While Koch is proceeding *pro se* in this case, the Court notes that Koch is a lawyer, see Koch v. Walter, 935 F. Supp. 2d 164, 169-70 (D.D.C. 2013), and an active litigant who has considerable experience pursuing employment discrimination matters. Nevertheless, the Court reviews his filings under "less stringent standards than formal pleadings [or legal briefs] drafted by lawyers." Chandler v. W.E. Welch & Associates, Inc., 533 F. Supp. 2d 94, 102 (D.D.C. 2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).

## III. DISCUSSION

Koch argues that the defendant's actions constitute violations of the confidentiality provisions of the Americans with Disabilities Act ("ADA"), as incorporated into the Rehabilitation Act. Am. Compl. ¶ 46. The confidentiality provision of the ADA, 42 U.S.C. § 12112(d), restricts an employer's authority to require medical examinations or make health-

related inquiries of its employees, and it provides that information obtained regarding an employee's medical history must be treated as confidential, with certain exceptions. 42 U.S.C. § 12112(d)(3), (4); see also 29 C.F.R. §1630.14(d) (echoing language of the statute).[4] As noted, Koch alleges that the SEC violated this provision on two occasions.

First, Koch alleges that the OIG reviewed certain emails that he sent from his work account containing confidential medical information, and that this review constituted an unauthorized disclosure under the Rehabilitation Act. Am. Compl. ¶¶ 45-46. It is undisputed that the OIG investigated Koch's time and attendance records and, during its investigation, reviewed all of Koch's work emails from April through June 2008. Def.'s Mot. 27; Def.'s SMF ¶¶ 5-7. It also is undisputed that one of the emails reviewed was a request for reasonable accommodations, with supporting documentation from Koch's physician. Def.'s Mot. 27; Def.'s SMF ¶¶ 5-7.

The defendant asserts, and Koch has not contested, that the review of Koch's work email account was authorized under the Inspector General Act of 1978, which grants broad authority to the OIG to access "all records, reports, audits, reviews, documents, papers, recommendations, or other material available" to the relevant agency. See 5 U.S.C. app. 3 § 6(a)(1). The Court does not see how the OIG's *incidental* access, while performing a lawful search, in connection with a lawful investigation, to one work email containing Koch's medical information constitutes an unauthorized disclosure by the agency under the Rehabilitation Act. The Court has located no legal authorities that would suggest otherwise, and, as noted, Koch has failed to file an opposition brief to contest this point.

---

[4] 29 U.S.C. § 791(g) and 794(d) incorporate provisions of the ADA into the Rehabilitation Act.

4

Second, Koch alleges that Hallowell unlawfully disclosed Koch's confidential medical information to the OIG during a deposition taken during the OIG's investigation. Am. Compl. ¶ 44. The defendant has provided persuasive evidence that the only medical information disclosed by Hallowell was the fact that Koch had sought an accommodation request to participate in a cardiac rehabilitation program. Def.'s SMF ¶¶ 2-4; Def.'s Mot., Ex. A, Tab A at 15-16, 32. Because Hallowell was unsure as to whether she could share Koch's medical information, she did not provide further specifics. Def.'s Mot., Ex. A, Tab A at 15-16. Koch alleges that this disclosure by Hallowell resulted in embarrassment and distress.

Assuming arguendo that the disclosure of this information was prohibited by the Rehabilitation Act, Koch has provided no evidence that such disclosure caused him embarrassment and distress, and the Court finds Koch's allegation of emotional harm implausible. Years before Hallowell's deposition in August 2008, Koch publicly disclosed this same information – *i.e.*, his participation in a cardiac rehabilitation program – in public court filings. See Koch v. Cox, Civil Action No. 02-1492 (relating to SEC's alleged failure to accommodate Koch's participation in cardiac rehabilitation program); Koch v. Cox, 489 F.3d 384, 386 (D.C. Cir. 2007) (discussing allegations that the SEC's refusal to accommodate Koch prevented him from participating in a "medically-supervised cardiac rehabilitation program prescribed by his cardiologist"); see also Koch v. White, --- F.3d ----, 2014 WL 888436, at *1 (D.C. Cir. 2014) ("After Randolph Koch took a stress test in 2007, his cardiologist recommended that Koch enter a cardiac rehabilitation program."). Under these circumstances, Koch cannot credibly assert that the disclosure of this same information during a deposition in 2008 caused him emotional harm.

For the foregoing reasons, the Court will grant defendant's motion for summary judgment. An Order consistent with this Memorandum Opinion shall issue this same day.

SO ORDERED.

DATE: March 31, 2014

/s/_____
PAUL L. FRIEDMAN
United States District Judge